**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-CV-14016-RAR**

**JEFFERY LORENZO HAYNES, JR.**,

     Plaintiff,

v.

**ALBERT SCORPATI**, *et al.*,

     Defendants.

_____/

**ORDER DISMISSING CASE**

     **THIS CAUSE** is before the Court upon *sua sponte* review of the docket, *see Collins v. Lake Helen, L.P.*, 249 F. App'x 116, 120 (11th Cir. 2007) ("The district court possesses the inherent power to police its docket."), as well as Plaintiff's Amended Complaint, *see* Amended Complaint [ECF No. 14] ("Am. Compl.").   Consistent with that authority, the Court has determined that this case should be **DISMISSED** without prejudice.

     The Court entered an Order to Amend instructing Plaintiff that, "[o]n or before April 27, 2021, [his] amended complaint must be docketed[ and] signed under the penalty of perjury[.]" *See* Order to Amend Complaint [ECF No. 8] at 6 ("Order to Amend").  The Order to Amend warned Plaintiff that "failure to file the amended complaint on time and in compliance with this Court's orders "shall result in dismissal of this case for failure to prosecute or failure to comply with court orders."  *Id.* (citing Fed. R. Civ. P. 41(b)).  The Court required Plaintiff to file his amended complaint under penalty of perjury in light S.D. Fla. Loc. R. 88.2.  *See id.* at 3.  And, in addition, the Court instructed Plaintiff that any amended complaint must "substantially follow either the form appended to these rules, a form prescribed by a local district court rule, or a form provided

by the court." *Id.* at 2 (citing Fed. R. Civ. P. 2).  Importantly, the Court also warned Plaintiff that "[*p*]*ro se* litigants, like all litigants must comply with the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders" and explained that "failure to comply . . . may result in sanctions, which could include the dismissal of [his] case."  *See* Order of Instructions [ECF No. 6] at 1 ("Order of Instructions").

Despite these unambiguous warnings, Plaintiff has failed to file an amended complaint that is sworn under penalty of perjury and that substantially complies with the prescribed form.  *See generally* Am. Compl.  Moreover, Plaintiff, although he expressed in a separate filing that he needed additional time to pay the filing fee or file an adequate motion for leave to proceed *in forma pauperis*, conceded that he received the Court's orders.  *See* Motion to Continue [ECF No. 13] ("[D]o [sic] to the lack of the [sic] mail room at the prison [sic] Plaintiff did not receive documents . . . on time.") ("Mot.").

"Pursuant to Fed. R. Civ. P. 41(b), a district court may *sua sponte* dismiss a [litigant's] action for failure to comply with the rules or any order of the court."  *Owens v. Pinellas Cty. Sheriff's Dep't*, 331 F. App'x 654, 656 (11th Cir. 2009).  "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation."  *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006).  "[A] dismissal without prejudice generally does not constitute an abuse of discretion because the affected party may simply re-file."  *See Johnson v. DuBose*, 806 F. App'x 927, 928 (11th Cir. 2020).  But if a dismissal without prejudice "has the effect of precluding [a litigant] from refiling his claim due to the running of the statute of limitations[,] the dismissal is tantamount to a dismissal with prejudice."  *Justice v. United States*, 6 F.3d 1474, 1481 n.15 (11th Cir. 1993) (cleaned up).

As previously mentioned, Plaintiff had notice and failed to comply with multiple instructions.  *See* Order to Amend; Order of Instructions.  The Court therefore has grounds to dismiss this action for failure to comply with court orders.  *See, e.g.*, *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."); *Frank v. Schulson*, 782 F. App'x 917, 919 (11th Cir. 2019) (same); *LaFavors v. Thayer*, 706 F. App'x 489, 492 (11th Cir. 2017) (same); *cf. Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) ("Despite construction leniency afforded *pro se* litigants, we nevertheless have required them to conform to procedural rules.").

The Court, in addition, has assured itself that this dismissal will not be "tantamount to a dismissal with prejudice" "due to the running of the statute of limitations." *See Justice*, 6 F.3d at 1481 n.15.  "Section 1983 claims are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years." *City of Hialeah v. Rojas*, 311 F.3d 1096, 1102 n.2 (11th Cir. 2002).  "[T]he statute of limitations for a civil rights action begins to run from the date that the cause of action accrues, which occurs when 'the plaintiff has a complete and present cause of action' and 'can file suit and obtain relief.'" *Villalona v. Holiday Inn Express & Suites*, 824 F. App'x 942, 942 (11th Cir. 2020) (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)).  A "cause of action will not accrue until the plaintiff knows or should know (1) that he has suffered an injury that forms the basis of his action and (2) the identity of the person or entity that inflicted the injury." *Id.*  Based on Plaintiff's allegations, all of his claims began as early as May 2018.  *See* Am. Compl.  Therefore, at the earliest, Plaintiff's claims expire sometime in May 2022.  Seeing as Plaintiff has approximately one year to file another complaint and to prepare all of the necessary filings to

properly initiate a civil rights action under a separate case number, this dismissal will not prejudice him.[1]

Lastly, Plaintiff is put on notice that any attempt to file a new civil rights complaint will be subject to procedural requirements, such as timeliness and exhaustion, unless an equitable exception applies.  Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that this action is **DISMISSED** *without prejudice*.  All pending motions, if any, are **DENIED** as moot.  All deadlines are **TERMINATED**.  This case is **CLOSED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 30th day of April, 2021.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:     Spencer Rozier
        16628-104
        Fort Worth
        Federal Correctional Institution
        Inmate Mail/Parcels
        Post Office Box15330
        Fort Worth, TX 76119
        PRO SE

        Noticing 2241/Bivens US Attorney
        Email: usafls-2255@usdoj.gov

---

[1] Plaintiff filed a motion for extension of time requesting an unspecified period of time for him to pay the filing fee or to acquire his inmate trust fund account statement so that he may file an adequate motion for leave to proceed *in forma pauperis*.  *See* Mot.  Because the Court dismisses this action on other grounds, the Motion is moot.  In any event, the Court would have denied the Motion for failure to provide a specific period of time.  And, as already mentioned, this dismissal will not prejudice him.